IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE ADAMS (TDCJ No. 1869475), Petitioner, | § | |
| V. | § | No. 3:18-cv-3182-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Dewayne Adams, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the habeas application, Adams challenges his 2012 Dallas County conviction for aggravated assault with family violence, which resulted in a sentence of 35 years of imprisonment. *See State v. Adams*, No. F12-00936-Y (Crim. Dist. Ct. No.

7, Dallas Cnty., Tex.), *aff'd*, No. 05-12-01534-CR, 2014 WL 2642814 (Tex. App. – Dallas June 16, 2014, no pet.). Adams did not petition the Texas Court of Criminal Appeals (the "CCA") for discretionary review. He did, however, pursue state habeas relief – but no sooner than September 19, 2016, the date he signed the state habeas application. *See Ex parte Adams*, No. W F12-00936-Y(A) (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex.); *see also Ex parte Adams*, WR-86,012-01 (Tex. Crim. App. Nov. 23, 2016) (dismissing that application as "non-complaint with Texas Rules of Appellate Procedure 73.1"); *Ex parte Adams*, WR-86,012-01 (Tex. Crim. App. June 21, 2017) (denying subsequent application without written order on the trial court's findings made without a hearing).

On initial review of the federal habeas application, the Court, recognizing that the petition is likely time-barred, issued a questionnaire [Dkt. No. 4] to provide Adams fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. Adams filed a timely, verified response. *See* Dkt. No. 5.

## Legal Standards

I. Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of

>   direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

>   "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if

the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

II. Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule

11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

**Analysis**

I. Magistrate Judge Authority

The undersigned must initially address Adams's Motion to Proceed Before District Judge [Dkt. No. 5], which references the Consent to Proceed Before a United States Magistrate Judge [Dkt. No. 1] sent to Adams. Presumably in response to that form, which he did not execute, Adams "moves for an order from the Court to Proceed Before a District Judge in the matter herein, due to the nature of the claims before the Court, and to ensure fair and impartial fact finding process." Dkt. No. 5 at 1. Because this case is already before a United States district judge, the Court should deny Adams's motion as unnecessary.

But, to the extent that Adams challenges the Court's standing order referring this action to a United States magistrate judge for pretrial management, while a party

may freely withhold his consent to a magistrate judge's "conduct[ing] any or all proceedings in a jury or nonjury civil matter and order[ing] the entry of judgment in the case," 28 U.S.C. § 636(c)(1); *see id.* § 636(c)(2) (requiring that a magistrate judge "advise the parties that they are free to withhold consent without adverse substantive consequences"),

> under [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court.

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); ellipses omitted).

And, as the United States Court of Appeals for the Fifth Circuit has held, when this procedure is followed – which routinely occurs in this Court, as evidenced by these findings, conclusions, and recommendation – a magistrate judge "properly ... enter[s] a recommendation on a [dispositive matter] despite a [party's] failure to consent to" the magistrate judge. *Id.*; *see, e.g., Bank of N.Y. Mellon v. Coleman*, No. 3:13-cv-1329-O, 2013 WL 4525746, at *1 (N.D. Tex. Aug. 27, 2013) ("Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties." (citing *Ybarra v. Meador*, 427 F. App'x 325, 327 (5th Cir. 2011) (per curiam); *Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 833 (5th Cir. 2011) (per curiam))); *accord Bailey v. Tex. Dep't of Health & Human Servs.*, No. 3:17-cv-1434-N-BN, 2017 WL 2838154, at *1-*2 (N.D. Tex. June 8, 2017),

2017 WL 2838177 (N.D. Tex. June 30, 2017); *cf. Flentroy v. Lamb*, 467 F. App'x 291, 292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties.").

II.  Limitations

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Adams failed to file a petition for discretionary review (or "PDR") in the CCA, the state criminal judgment he challenges became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Dallas Court of Appeals affirmed the judgment – or on July 16, 2014, *see Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2.

Even if the Court accepts that his initial state petition, dismissed by the CCA under Rule 73.1, was properly filed, *but see Jones v. Stephens*, No. 3:13-cv-336-L, 2013 WL 5325895, at *3 (N.D. Tex. Sept. 23, 2013) ("Because Petitioner's first state habeas

application was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1, Petitioner is not entitled to statutory tolling for the period of time his first state writ was pending." (citations omitted)), because that petition – filed no sooner than September 19, 2016 – "was not filed within the one-year period" that commenced on July 16, 2014 and thus "did not statutorily toll the limitation clock," *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than November 3, 2018, the date on which Adams certifies he placed it in the prison mailing system, *see* Dkt. No. 2 at 10 – was filed more than 3 years and 3 months too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Adams does not plead actual innocence, but he does argue that a narrow exception to the procedural default doctrine should be extended to find his federal habeas application timely. *See* Dkt. No. 6 (referencing *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013), the first of which established a narrow exception to that doctrine, applicable to state prisoners seeking federal-habeas review under 28 U.S.C. § 2254, while the second of which found that exception applicable to Texas prisoners).

"In *Martinez*, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective

> assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
>
> [566 U.S. at 17]. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 569 U.S. at 428-29); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule...." (citation omitted)).

Applicable here, "*Martinez* considered whether ineffective assistance of counsel excuses procedural default – that is, the failure to raise a claim in state court prior to filing a federal § 2254 application – not whether it excuses late filing. *See [Martinez*, 566 U.S.] at 9, 17. *Martinez* does not apply to § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)). As such, it also plays no part in determining whether that limitations period should be equitably tolled. *See, e.g., Dickerson v. Davis*, No. 4:17-cv-71-A, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a

procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the federal limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (collecting cases; citation omitted; emphasis in original)).

Further, to the extent that Adams claims that insufficient access to legal materials prevented his timely filing of a state habeas application, leading to his untimely filing of a Section 2254 petition, *see* Dkt. No. 6, he "has not demonstrated diligence in attempting to obtain legal materials or explained how his lack of access caused such a lengthy delay in filing his habeas petition," *Green v. Banks*, No. 1:18CV181-LG-MTP, 2018 WL 6169223, at *2 (S.D. Miss. Nov. 26, 2018) (citing *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)).

In sum, Adams has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should

dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General. And the Court should deny the Motion to Proceed Before District Judge [Dkt. No. 5].

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE