IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DEWAYNE ADAMS,** | § | |
| Petitioner, | § § § | |
| v. | § | Civil Action No. 3:18-CV-3182-L-BN |
| **LORIE DAVIS, Director TDCJ-CID,** | § § § | |
| Respondent. | § § | |

## ORDER

Before the court are Michael Dewayne Adam's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 2), filed December 3, 2018; and Petitioner's Motion to Proceed Before District Judge (Doc. 5), filed December 21, 2018. On December 6, 2018, United States Magistrate Judge David L. Horan issued a Questionnaire to the Petitioner (Doc. 4) to afford him notice that the court had questions about whether his habeas application was time-barred and to provide him an opportunity to present his position. Petitioner filed a timely, verified Response (Doc. 6). On January 11, 2019, Magistrate Judge Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss this action with prejudice because Petitioner's habeas application is time-barred under Rule 4 of the Rules Governing Section 2254 Cases. The magistrate judge recommended that the court also deny Petitioner's Motion to Proceed Before District Judge because the ultimate disposition of this case is decided by a district judge, and a district judge's acceptance of a magistrate judge's recommendation does not require consent of the parties. No objections to the Report were filed.

Having reviewed the record in this case, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion to Proceed Before District Judge (Doc. 5), **denies** Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) and **dismisses with prejudice** this action as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of January, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge